UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARGARET ANN GODSON,

        Plaintiff,

v.

NANCY A. BERRYHILL,
Commissioner of Social Security

DECISION AND ORDER
16-CV-873

## Preliminary Statement

Plaintiff Margaret Ann Godson ("plaintiff") brings this action pursuant to Title II and Title XVI of the Social Security Act seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for disability insurance benefits and supplemental security income. See Docket # 1. Presently before the Court are the parties' competing motions for judgment on the pleadings. See Docket ## 13, 14.

## Background

On January 7, 2013, plaintiff applied for supplemental security income and disability insurance benefits. Administrative Record ("AR.") at 166-73. On March 27, 2013, plaintiff received a Notice of Disapproved Claim. AR. at 110-21. She then timely filed a request for a hearing before an administrative law judge. AR. at 122-26. On July 11, 2014, a hearing was held before Administrative Law Judge ("the ALJ") William M. Weir, where plaintiff appeared with her attorney, Kimberly T. Irving, Esq.

1

AR. at 48-82. Jay Steinbrenner, a Vocational Expert, testified at the hearing. Id. On March 21, 2015, the ALJ issued a decision, determining that claimant was not disabled as of June 17, 2011, the alleged onset day of plaintiff's disability. AR. at 20-32. On September 6, 2016, the Appeals Council denied review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. AR. at 2-5. This federal lawsuit followed.

## Discussion

Plaintiff was born in 1975, and at the time of her disability hearing was 38 years old. She graduated from Sweet Home High School in Western New York, where she was enrolled in special education classes. Upon graduation from high school, plaintiff went to college for a year-and-a-half studying to be a business clerk typist. She left college when she became pregnant and is currently a single mother to four children. Plaintiff has previous employment for eight years as a cashier at Burger King working between four and six hours per day. She also worked at Arby's, McDonalds, Family Dollar Store, and as a dishwasher at a local catering company. She stopped working at Burger King when she underwent foot surgery.

At step two of the familiar five-step analysis used to evaluate eligibility for disability benefits, the ALJ found plaintiff to suffer from the following severe impairments: (1)

depressive disorder (NOS), (2) anxiety disorder (NOS), and (3) status post left posterior tibial tendon repair. AR. at 22.

In this appeal, plaintiff's primary contention is that the ALJ erred at step two in failing to find that plaintiff's alleged learning disability was a severe impairment. See Pl.'s Mot. J. on Pleads. (Docket # 13-1) at 14-18. According to plaintiff, her learning disability was a mental impairment that required the ALJ to engage in the "special technique to determine the severity and effects of the disability [pursuant to] 20 C.F.R. § 404.1520a." Id. at 15. Plaintiff candidly acknowledges that "there is minimal evidence in the record" regarding "the specific nature" of her disability, but argues that there was "enough" evidence to at least trigger "the ALJ's duty to develop the record." Id. at 16.

Based on the record before the Court, plaintiff's arguments are not persuasive. First, it must be remembered that the burden is on the plaintiff to not only establish that she has a learning disability that qualifies as "severe," but that impairment must also significantly limit her physical or mental ability to do basic work activities. "A learning disability is an impairment in its own right." Kennerson v. Astrue, No. 10-CV-6591 (MAT), 2012 WL 3204055, at *11 (W.D.N.Y. Aug. 3, 2012). Although the standard is not high, plaintiff here simply did not introduce objective data in the record sufficient to establish that she was diagnosed with having a specific learning disability. See 20 C.F.R. §§

3

404.1520(c); 416.920(c). While the evidence may support a finding that plaintiff had difficulty learning, this is not necessarily a diagnosis of a learning disability. Plaintiff introduced no test results, treatment notes, or records confirming a medically determinable learning disability. See Martin v. Colvin, No. 2:12-CV-730 JCM (PAL), 2013 WL 6527280, at *16 (D. Nev. Dec. 11, 2013) (no step-two error found where "plaintiff has not cited any evidence from a medically-acceptable source suggesting she qualifies for disability benefits due to a learning or intellectual disability").

Moreover, even if the ALJ erred in failing to designate a learning disability as a distinct severe impairment at step two, such error was harmless. "As a general matter, an error in an ALJ's severity assessment with regard to a given impairment is harmless when it is clear that the ALJ considered the claimant's impairments and their effect on his or her ability to work during the balance of the sequential evaluation process." Diakogiannis v. Astrue, 975 F. Supp. 2d 299, 311-12 (W.D.N.Y. 2013)(internal quotation, alterations and citations omitted)(failure to list learning disability impairment as severe at step two was harmless error where the ALJ considered the functional limitations of that impairment later in the decision); see also Snedeker v. Colvin, No. 3:13-cv-970 (GLS/ESH), 2015 WL 1126598, at *7 (N.D.N.Y. Mar. 12, 2015)("[W]hen functional effects of impairments erroneously

4

determined to be nonsevere at Step 2 are fully considered and factored into subsequent residual functional capacity assessments, a reviewing court can confidently conclude that the same result would have been reached absent the Step 2 error.").

Here, the ALJ fully considered and discussed plaintiff's non-exertional mental impairments in his analysis and accounted for them in formulating an appropriate RFC. Specifically, the ALJ concluded that despite plaintiff's reported history of "attention deficit problems and a learning disability," the record demonstrated that plaintiff's attention and concentration were intact, and that her mild limitations in memory did not affect her ability to work. AR. at 24. Thus, if there was error, it was harmless. See Reices-Colon v. Astrue, 523 F.App'x 796, 798 (2d Cir. 2013)(holding an ALJ's exclusion of two impairments from his step two review was harmless error "[b]ecause these conditions were considered during the subsequent steps"); Wells v. Colvin, No. 14-CV-197-JTC, 2015 WL 1280536, at *7 (W.D.N.Y. Mar. 20, 2015)("Where the record establishes the presence of multiple impairments, and the ALJ finds at step two that some impairments (but not others) are severe, thereby allowing plaintiff's claim to proceed through the sequential evaluation process, any error in the ALJ's severity analysis must be considered harmless.").

## Conclusion

For the reasons set forth herein, plaintiff's motion for

judgment on the pleadings (Docket # 13) is **denied**, and the Commissioner's motion for judgment on the pleadings (Docket # 14) is **granted**.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:  September 5, 2018
        Rochester, New York